UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAN J. SMITH, et al.,<br><br>    Defendants. | CASE NO. C14-0169JLR<br><br>ORDER GRANTING UNOPPOSED MOTION TO STAY |

Before the court is Defendant Department of Social and Health Services' ("DSHS") unopposed motion to stay. (Mot. (Dkt. # 20).) This is an interpleader action involving life insurance benefits. (*See* Compl. (Dkt. # 1).) The dispute revolves around determining who is entitled to $150,000.00 in life insurance benefits following the death of Susann Smith—either (1) Alan Smith, Ms. Smith's former husband; (2) Ms. Smith's estate; or (3) DSHS as guardian for the two minor children of Mr. and Ms. Smith. (*See id.*) The dispute arises because Mr. Smith is accused of murdering Ms. Smith, and under

ORDER- 1

Washington law, so-called "slayers" are not permitted to benefit under the life insurance policies of their victims. (*See id.* ¶¶ 1-13); RCW 11.84.100.

DSHS moves to stay this case pending resolution of the criminal charges against Mr. Smith. (*See* Mot.) Mr. Smith is currently facing state-court charges for the murder of Ms. Smith. (*Id.* at 2-3, Ex. 1.) DSHS argues that it makes sense to stay this interpleader action until it is determined whether, in fact, Mr. Smith murdered his wife. (Mot. at 4-5.) Mr. Smith filed no opposition to DSHS's motion (*see* Dkt.), and Ms. Smith's estate filed a notice of non-opposition, assenting to the stay and requesting only that the insurance proceeds be placed in an interest-bearing trust account pending resolution of Mr. Smith's criminal charges (Resp (Dkt. # 24)).

When considering a motion to stay civil proceedings pending the resolution of criminal proceedings, the court should consider the particular circumstances and competing interests involved in the case. *See Menster v. Liberty Mut. Fire Ins. Co.*, No. C13-0775RSL, 2013 WL 5770359, at *1 (W.D. Wash. Oct. 23, 2013). In particular, the court should consider (1) the extent to which the plaintiff's Fifth Amendment rights are implicated; (2) the interest of the defendant in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice of a delay; (3) the burden that any particular aspect of the proceedings may impose on the plaintiff; (4) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; and (6) the interest of the public in the pending civil and criminal litigation. *Id.* (citing *Fed. Sav. & Loan Ins.*

1 *Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989); *Keating v. Office of Thrift*
2 *Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)).

3       On balance, these considerations support a stay in this case.  First, proceeding with
4 this civil action may require Mr. Smith to choose between properly defending this civil
5 action and properly defending his criminal charges; responding to discovery in this case
6 may require either asserting Fifth Amendment rights to his detriment in the civil action,
7 or providing information in the civil action to his detriment in the criminal action.  This
8 consideration weighs in favor of a stay.  Second, the other Defendants in this case do not
9 oppose a stay.  There is no discernible interest in proceeding expeditiously, nor is there
10 any readily apparent prejudice to Defendants.  This weighs in favor of a stay.  The third
11 and fourth factors also support a stay—defending this action could cause an undue
12 burden on Mr. Smith, and the court would be better served by delaying any decision in
13 this case until the criminal claims have been adjudicated.  The remaining two factors are
14 neutral.  There is no suggestion that any non-parties have a strong interest in this
15 litigation, nor is the public interest in the pending case suggestive that a stay is or is not
16 appropriate.

17       Having balanced these factors, the court GRANTS DSHS's motion to stay and
18 hereby stays these proceedings until the criminal charges against Mr. Smith have been
19 resolved.
20 //
21 //
22

ORDER- 3

When the criminal case has been sufficiently resolved, DSHS should notify the court of that fact within 10 days and request that the stay be lifted.

Dated this 30th day of June, 2014.

*(signature)*

JAMES L. ROBART
United States District Judge

ORDER- 4